IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              :        CASE NO. 11-02793 (ESL)
                                                    :
GABRIEL PADILLA PADILLA                             :
MARIA A. CASHION LUGO                               :        CHAPTER 13
                                                    :
        Debtors                                     :
_____                 :

OPINION AND ORDER

This case is before this court upon the Trustee's objection to Debtors' claim for exemption under 11 U.S.C. § 522(d)(5) (Dockets Nos. 12 & 25) and the oppositions filed by Debtors (Docket No. 20 & 31). Debtors in this case have each claimed an exemption under Section 522(d)(5) over the same real property that is owned separately by co-debtor Cashion. Co-debtor Padilla claims the exemption alleging that he is entitled to a credit for the improvements he has made to the same real property throughout their marriage. The Trustee sustains that Debtor Padilla is not entitled to the claimed exemption over the alleged credit for the following reasons: (1) his alleged credit does not constitute an "interest" for which the exemption can be claimed under Section 522(d)(5); (2) his alleged credit does not constitute an "interest" over his spouse's real property; (3) the conjugal partnership has not been extinguished and hence, the credit is inexistent and thereby premature; and (4) the alleged improvement expenses are questionable and debatable. For the reasons stated herein, the Trustee's objection to said exemption is granted.

Relevant Facts and Procedural Background

Debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on March 31, 2011 (Docket No. 1) along with their Schedules and Statement of Financial Affairs. In Schedule A[1], Debtors reported that they jointly owned a primary residence located at 304 Scorpio Street in Isla Verde, Carolina, Puerto Rico, valued at $152,000 (Docket No. 1, p. 27, hereinafter the "Real Property"). They also claimed in Schedule C an exemption under 11 U.S.C. § 522(D)(11)(B) in the amount of $43,250 over that same Real Property (Docket No. 1, p. 31).

_____

[1] Debtors only reported one primary residence as their only real property (Schedule A, Docket No. 1, p. 27).

On May 12, 2011, the Trustee filed an *Objection to Debtors' Claim for Exemption* (Docket No. 12) for two main reasons.  First, the Trustee sustains that Debtors' Real Property is not a joint property as alleged in Schedule A (Docket No. 1., p. 27), but rather it is separately owned by co-debtor Maria A. Cashion, who acquired it before she married her now husband, co-debtor Gabriel Padilla.  The Trustee consequently argues that because Cashion is the only one who owns all interest in the Real Property, only she can claim an exemption over it under Section 522(d)(1), not her spouse, and only in the amount of $21,625.  The exemption under Section 522(d)(5), according to the Trustee, should be allowed only up to $1,150.  Second, the Trustee avers that Section 522(d)(11)(B) is inapplicable in this case.  The Trustee requests the entry of an order for Debtors to amend Schedule A, based on his objection to the exemption.

On May 18, 2011, Debtors amended Schedule A (to correct that the sole owner of the primary residence is co-debtor Maria A. Cashion) and Schedule C (to correct the Real Property exemptions).  See Docket No. 14.  In amended Schedule C, Debtors claim three separate exemptions under 11 U.S.C. § 522(d)(5): one for $2,92.63, another for $10,825, and a last one for $7.37.[2]

A confirmation hearing of the amended plan was held on May 25, 2011 (Docket No. 17).  Debtors acknowledged that the only pending matter in this case was the exemption claimed under Section 522(d)(5).  The Court granted Debtors 15 days to file their reply to the Trustee's *Objection*.

On June 1, 2011, the Trustee filed an unfavorable *Report on Confirmation* (Docket No. 19) sustaining that: (1) Debtors fail the liquidation value test under 11 U.S.C. § 1325(a)(4); (2) that the plan does not state the approximate date when the 2009 and 2010 tax refunds and future refunds are to be tendered; and (3) that estate's liquidation value may increase if Trustee's objections to Debtors' claim of exemptions were to be granted.

On June 3, 2011, Debtors filed a *Reply to Trustee's Objection to Debtor's Claim for Exemption under 11 U.S.C. § 522(d)(5)* (Docket No. 20) in which they acknowledge that the Real

---

[2] The Court notices that Debtors also amended their Schedule B (Personal Property) to add new exemptions in regards to a Banco Santander checking account, clothing and jewelry (Docket No. 14, p. 4).  The Trustee has not objected those other amendments.

Property belongs solely to co-debtor Maria A. Cashion[3], reason why they filed their *Amended Schedules* (Docket No. 14). Moreover, Debtors clarify that Cashion purchased the Real Property in 1992 while she was single, that she subsequently married Padilla in 1993 and that ever since their conjugal partnership has made substantial improvements to the Property in the amount of $28,250. They offer as evidence of those improvements a *Sworn Declaration Regarding Improvements to Debtors' Residence since Marriage and Increase in Value to the Same* and 6 pictures (Docket No. 20, pp. 5-11). Since the value of the Property in 1992 was reported at $92,737 and the current alleged value is $152,000, Debtors aver that it would be reasonable to conclude that at least $10,825 of the nearly $60,000 accumulated equity in the Real Property can be attributed to the improvements and monetary investments undertaken by Debtors during their marriage. Consequently, Debtor Padilla requests the an exemption of $10,825 under 11 U.S.C. § 522(d)(5) as a credit for the increase in value to the residential property that can be attributed/allocated to the improvements made on the same.

After the Trustee's motion for an extension of time to complete his research to file a response to Debtors' claims of exemptions (Docket No. 22) and an order granting the 45 days he requested (Docket No. 23), on July 28, 2011, the Trustee filed a *Motion in Compliance with the Court's Order* at Docket No. 23 (Docket No. 25). First, the Trustee affirms that co-debtor Cashion is the only one with an "interest" over the Real Property since it is owned solely by her. Second, the Trustee objects to Debtors' *Sworn Declaration* on the grounds that it is "self-serving" and "unfounded"[4]. Lastly, the Trustee alleges that even if the improvements were to be proven *in arguendo*, the objection to amended Schedule C persists inasmuch as co-debtor Padilla claims a "credit" that is premature and currently nonexistent as a matter of state law. The specific legal authorities cited by the Trustee are: Articles 95 and 1315 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 301 & 3681, and the Puerto Rico Supreme Court's Opinion in Muñiz Noriega v. Muñoz Bonet, 2010 T.S.P.R. 13.

After granting Debtors an extension of time to respond to the Trustee's objections (Docket

---

[3] See ¶ 3 of Debtors' Sworn Statement at Docket No. 20, p. 5.

[4] The Trustee also asserts that it is "suspicious how debtors have now come up with such detailed itemization of the expenses, especially when they aver having made these throughout their nearly 20 years of marriage". Docket No. 25, ¶ 3, p. 2.

No. 26), on September 28, 2011, Debtors filed another *Reply* (Docket No. 31). They allege that co-Debtor Padilla does in fact have a legal interest over the Real Property because he has invested in improvements for the same during 19 years of marriage and sustains that none are fraudulent. Thus, he requests a total exemption of $10,825 pursuant to Section 522(d)(5). Co-debtor Padilla argues that pursuant to 11 U.S.C. § 541(a), the term "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case". Padilla further analyzes that "property of the estate" is broad enough to cover many kinds of properties and that exemptions are liberally construed in favor of debtors as "legal interests" over the Real Property in which he invested from over 19 years.

Applicable Law

Exemptions

When a debtor files a bankruptcy petition, all of all of the debtor's assets become property of the bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as exempt [U.S.C. § 522(l)]. The Bankruptcy Code establishes types of property debtors may exempt [11 U.S.C. § 522(b)] as well as the maximum value of the exemptions a debtor may claim in certain assets [11 U.S.C § 522(d)]. Property debtor claims as exempt will be excluded from the bankruptcy estate unless a party in interest objects [11 U.S.C. § 522(l)]. Also see Schwab v. Reilly, 130 S. Ct. 2652, 2656, 177 L. Ed. 2d 234, 242 (2010).

Pursuant to 11 U.S.C. § 522(m), exemptions in bankruptcy cases apply separately with respect to each debtor in a joint case, subject to the limitations established in Section 522(b).

Section 522(d)(5) provides as follows:

The following property may be exempted under subsection (b)(2) of this section: (5) The debtor's aggregate interest in any property, not to exceed in value $ 1,150 plus up to $ 10,825 of any unused amount of the exemption provided under paragraph (1) of this subsection. 11 U.S.C. § 522(d)(5).

In other words, under Section 522(d)(5), a debtor is allowed a general exemption of $1,150 --sometimes known as the "wild card exemption"-- plus up to $10,825 of the unused portion of the homestead exemption. See Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶ 522.09[5] (16th ed. 2011).

When a debtor takes an exemption in a particular asset pursuant to Section 522, the "property claimed as exempt [within the meaning of the section] is merely an interest in property not to exceed a specified value." Barroso Herrans v. Lugo Mender, 364 B.R. 463, 469 (D.P.R. 2007), aff'd 524 F. 3d 341 (1st Cir. 2008). "[A] debtor must have a an ownership interest in property before an exemption may be claimed." In re Cohen, 263 B.R. 724, 726 (Bankr. D.N.J. 2001). Also see In re Cunningham, 5 B.R. 709, 711 (Bankr. D. Mass. 1980); In re Montanez, 233 B.R. 791, 795 (Bankr. E.D.Mich. 1999) (citing First Bank of Linden v. Sloma (In re Sloma); 43 F.3d 637, 640 (11th Cir. 1995) (Debtor cannot exempt property that the debtor does not own.); In re Hartman, 211 B.R. 899, 903 (Bankr. C.D.Ill. 1997) ("It is a fundamental tenet of the law of exemptions that the debtor must have an ownership interest in the property before an exemption may be claimed."); In re Luhr, 205 B.R. 447 (Bankr. S.D.Ga. 1997); In re de Kleinman, 172 B.R. 764 (Bankr. S.D.N.Y. 1994) (Debtor waived exemption claim in insurance cause of action by voluntarily assigning it to her daughter); and In re Alden, 73 B.R. 215 (Bankr. N.D.Fla. 1986) (Debtor not permitted to exempt tax refund in which her husband had sole rights).

Property interests

"Property interests are created and defined by state law." Stern v. Marshall, 131 S. Ct. 2594, 2616, 180 L.Ed. 2d 475, 502 (2011), citing Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co., 549 U.S. 443, 451, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007), all quoting Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136, 141-142 (1979).

What is an "interest" in real property upon which an exemption can be claimed under Puerto Rico law?

In Puerto Rico, upon marriage, a new entity is created, which commences on the day of marriage [Article 1393 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3622] and will own "property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only; that obtained by the industry, salaries, or work of the spouses or of either of them; the fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses". Article 1401 of the Puerto Rico Civil Code, 31 L.P.R.A. §

3641. The conjugal partnership is liable for "all the debts and obligations . . . which affect the private property of the spouses as well as the partnership property; the minor repairs or of mere preservation, made during the marriage, to the private property of the husband or the wife: extensive repairs [to private property] shall not be chargeable to the partnership; extensive or minor repairs to the property of the partnership; the support of the family and the education of the children in common, and of the legitimate children of one of the spouses only." Article 1408 of the Puerto Rico Civil Code, 31 L.P.R.A.§ 3661; see also Fernández-Cerra v. Commercial Ins. of Newark, 344 F. Supp. 314, 316 (D.P.R. 1972).

When determining if the interest in a certain property belongs separately to a single spouse or to the conjugal partnership, the Supreme Court of Puerto Rico has ruled that "the **original title shall be determinant**, independently of the changes or modifications that said property undergoes [and therefore] ... the separate source of real property does not lose said character just because of the fact that later investments are made from property belonging to the marital community." García González v. Montero Saldaña, 7 P.R. Offic. Trans. 353, 368-369, 107 D.P.R. 319, 335 (1978) (emphasis added).

The conjugal partnership is terminated and liquidated only by death or a final judicial decree terminating it (on grounds provided by the Puerto Rico Civil Code) or ruling on its nullity. Articles 105 & 1315 of the Puerto Rico Civil Code, 31 L.P.R.A. §§ 381 & 3681. Only then can either spouse –or the heirs of a deceased one– claim their half in said partnership pursuant to Article 1295 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3631, which provides that "[b]y virtue of the conjugal partnership the earnings or profits indiscriminately obtained by either of the spouses during the marriage shall belong to the husband and the wife, share and share alike, **upon the dissolution of the marriage**." 31 L.P.R.A. § 3631 (emphasis added).

## Discussion

Co-debtor Padilla requests that the unused amount of the homestead exemption under Section 522(d)(5) be declared exempt for his alleged investments (interest) in the Real Property that is owned by his wife, co-debtor Cashion. He claims that he in fact has an "interest" over all the alleged

6

improvements he (as a member of the conjugal partnership) incurred over the private property of his wife and that his "right, i.e., credit, already exists, can never be lost and is recoverable regardless of if the property disappears or is destroyed". Docket No. 31, ¶ 18, p. 5. Padilla cites the Puerto Rico Supreme Court case of Muñiz Noriega v. Muñoz Bonet, 2010 T.S.P.R. 13, to support his conclusion, which the Trustee also cited to support his conclusion that co-debtor Padilla does **not** have an interest in the Real Property. Docket No. 25, ¶¶ 7-9, pp. 3-5. A careful reading of that case shows that the Puerto Rico Supreme Court conditioned the existence of the credit "upon the dissolution of the conjugal partnership"[5]. Muñiz Noriega v.Muñoz Bonet, 2010 T.S.P.R. 13 at **14-15. Therefore, because the conjugal partnership between Cashion and Padilla admittedly has not been terminated or dissolved by a judicial decree or otherwise, the latter cannot currently claim an interest in the Real Property as partner in the conjugal partnership under Section 522(d)(5). Article 1295 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3631. As ruled in García González v. Montero Saldaña, 7 P.R. Offic. Trans. at 368-369, 107 D.P.R. at 335, "the **original title shall be determinant**" (emphasis added) to establish the interest in a property, if any. In this case the original title belongs exclusively and separately to co-debtor Cashion, not Padilla. Therefore, as a matter of Puerto Rico law, Padilla cannot claim an interest in a property whose original title is not his, even assuming *in arguendo* that he in fact made all the investments itemized in Docket No. 20. Only co-debtor Cashion may exempt any amount of the homestead exemption of the value of her property under Section 522(d)(5).

Conclusion

In view of the foregoing, the Trustee's objection to exemption under 11 U.S.C. § 522(d)(5) (Dockets Nos. 12 & 25) is granted and thus only co-debtor Cashion may exempt her property under that section in the amount of $1,150.

SO ORDERED.

---

[5] Padilla himself copied that phrase in Spanish in his *Reply* (Docket No. 31, ¶ 18, p. 5).

In San Juan, Puerto Rico, this 28th day of November, 2011.

Enrique S. Lamoutte
United States Bankruptcy Court